UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAN LIGHTFOOTLANE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CV-07-56-B-W |
| | ) |
| MAINE DEPARTMENT OF | ) |
| HUMAN SERVICES, *et al*., | ) |
| | ) |
| Defendants. | ) |

### ORDER AFFIRMING MAGISTRATE JUDGE'S RECOMMENDED DECISION ON MOTION TO DISMISS AND ORDER ON MOTION TO AMEND

On September 25, 2007, United States Magistrate Judge Kravchuk issued a decision in which she recommended that the Court dismiss Jan Lightfootlane's complaint against the Maine Department of Health and Human Services (DHHS).  *Recommended Decision on Mot. to Dismiss and Pet. for Writ of Error* at 10 (Docket # 23) (*Rec. Dec.*).  The Court affirms the Recommended Decision.  I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; I have made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determine that no further proceeding is necessary.  In addition, the Court treats the Plaintiff's Amended Complaint filed on September 13, 2007, as a Rule 15(a) motion to amend, and denies this motion as to DHHS, but grants it as to the Maine Municipal Association (MMA), despite misgivings about whether the modified complaint presents justiciable claims.

**I.     STATEMENT OF FACTS**

Proceeding *pro se*, Jan Lightfootlane filed a complaint on May 1, 2007, contending that DHHS and the towns in Maine, via MMA, have injured several of her constitutional rights, including freedom of speech and religion.[1] *Compl.* (Docket # 1).  Working on a volunteer basis, Ms. Lightfootlane operates a hotline for homeless people in Maine, through which she provides information to homeless people in Maine and strives to prevent homelessness.  *Compl.* at 4.  She alleges that the State and various towns have misapplied the General Assistance program.  *Id.* at 3.  This misapplication, according to Ms. Lightfootlane, requires her to spend more time helping the people she serves, and, she alleges, results in unfair consequences for homeless individuals in Maine.  *Id.* at 5; *Rec. Dec.* at 6.

In 2006, Ms. Lightfootlane brought a similar complaint against DHHS, alleging that the state agency was providing false information and misapplying the law with regard to Maine's general assistance program.  *Lightfootlane v. Maine Dep't of Health and Human Services*, No. 06-53-B-W, 2006 U.S. Dist. LEXIS 74200, at *13-15 (D. Me. Oct. 11, 2006), *aff'd*, 2006 U.S. Dist. LEXIS 87277, at *1 (D. Me. Dec. 1, 2006).  In that case, this Court found that Ms. Lightfootlane did not have standing because her "allegations do not support a claim that her speech and association rights have been infringed by the State nor do the facts that she sets forth support a claim that she [has] been denied any process due to her."  *Lightfootlane*, 2006 U.S. Dist. LEXIS 74200, at *15.

In response to the newly-filed complaint, DHHS moved to dismiss on July 17, 2007. *Mot. to Dismiss* (Docket # 10).  While the Motion to Dismiss was under consideration, but before the magistrate judge's recommended decision, Plaintiff submitted an amended complaint

---

[1] For thorough background regarding this litigation and 2006 litigation also brought by Ms. Lightfootlane on related issues, see Magistrate Judge Kravchuk's Recommended Decision.

without requesting leave to do so under Federal Rule of Civil Procedure 15. *Am. Compl.* (Docket # 22). On September 25, 2007, the United States Magistrate Judge issued her Recommended Decision to dismiss the complaint as to Defendant DHHS. *Rec. Dec.* at 10. DHHS then moved to dismiss the Amended Complaint on September 28, 2007. *Def.'s Mot. to Dismiss the Am. Compl. With Incorporated Mem. of Law* (Docket # 24) (*Mot. to Dismiss the Am. Compl.*). Plaintiff objected to the Recommended Decision on September 4, 2007, and supplemented her objection on October 12, 2007. *Obj. to Recommendation for Dismissal* (Docket # 26); *Resp. to Recommended Dismissal* (Docket # 27) (*Pl.'s Resp.*). DHHS responded to Plaintiff's objection on October 15, 2007. *Def.'s Resp. to Pl.'s Obj. to Rec. Dec. on Mot. to Dismiss* (Docket # 28).

## II.    DISCUSSION

### A.    The Motion to Dismiss

In the Recommended Decision, Magistrate Judge Kravchuk concluded that Ms. Lightfootlane does not have standing. Citing the Court's 2006 decision, the Recommended Decision found that even if the Court did not find claim or issue preclusion, and even though the 2007 complaint emphasized conspiracy theory and free exercise theories not found in the 2006 complaint, the 2007 complaint did not support a finding of standing. *Rec. Dec.* at 9.

In her objection to the Magistrate Judge's Recommended Decision, Ms. Lightfootlane argues that the reliance on the United States Supreme Court's decision in *Allen v. Wright* is misplaced. 468 U.S. 737 (1984); *Pl.'s Resp.* at 11. Her objection is mistaken. Under *Allen*, this Court may not decide cases for which it does not have jurisdiction under the Article III "case or controversy" clause of the United States Constitution. 468 U.S. at 751-52. Ms. Lightfootlane attempts to anchor her complaint to personal constitutional protections, but her real quarrels are

3

whether the government is acting in accordance with the law, and whether the government's actions are making her work more difficult. *Pl. Resp.* at 7-8 (It's when the state overseeing of improper denials Causes me to create yet another chart. . . . [T]herefore I seek to advance my own interest of Not having to work harder."). These are not "cases or controversies" under federal law. *Allen*, 468 U.S. at 754 (The United States Supreme Court has "repeatedly held that an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court."). Ms. Lightfootlane's claims of wasted time and extra effort are not enough to push her claims over the standing hurdle.[2]

Ms. Lightfootlane also claims that Magistrate Judge Kravchuk misconstrued *United Transp. Union v. Michigan Bar* in finding that she did not state a cognizable freedom of association claim. 401 U.S. 576 (1971). Ms. Lightfootlane argues under *United Transp.* that she has a right to "effectively" help others. *Pl.'s Resp.* at 4. However, as stated by Magistrate Judge Kravchuk, "there is no state restraint on Lightfootlane's right to counsel her clients." *Rec. Dec.* at 9. *United Transp.* stands for the proposition that the First Amendment protects groups from limitations on their ability to obtain meaningful access to the courts and counsel. 401 U.S. at 586-87. Ms. Lightfootlane does not complain that the State is somehow obstructing an individual or group of individuals from reaching her for advice; instead she is complaining that she cannot give good advice because of the actions of the state agency. Therefore, United *Transp.* does not provide viable authority for her grievance.

---

[2] Nearly every American citizen could plausibly assert that at some point the government – municipal, county, state, or federal – caused them to waste precious time and expend useless energy. If wasting time and causing effort were the tests for standing to assert a constitutional claim, the case or controversy limitation would be rendered meaningless.

### B.     The Amended Complaint

Ms. Lightfootlane's submission of an Amended Complaint, without filing a motion to do so, adds a wrinkle to the Court's affirmation of Magistrate Judge Kravchuk's Recommended Decision.  When a party wishes to amend their pleading outside of the window for amendment as of right set out in Federal Rule of Civil Procedure 15(a), they must make a motion to amend.  Fed. R. Civ. Pro. 15(a).  Once the motion is made, "leave shall be given when justice so requires."  *Id.*  Ms. Lightfootlane did not move to amend her pleadings.  However, the Court is "mindful that pleadings by pro-se litigants are held 'to [a] less stringent standard than formal pleadings drafted by lawyers.'"  *Murphy v. Maine*, No. 06-62, 2006 U.S. Dist. LEXIS 69057, at *11 (D. Me. Sept. 25, 2006) (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)).  Because of this, and because of the unusual nature and timeline of this attempted modification, the Court treats Ms. Lightfootlane's filing as an attempt to amend her complaint.

### 1.     The Amended Complaint as to the Maine Department of Health and Human Services

While the Recommended Decision did not dismiss the Amended Complaint as to DHHS, it did state that "there is only passing reference to the Department," and that "there is nothing in the amended complaint that adds to the viability of [Ms. Lightfootlane's] action against the Department."  *Rec. Dec.* at 10.  DHHS, in its Motion to Dismiss the Amended Complaint, argues that the Amended Complaint "falls squarely within the scope of the Court's September 25, 2007 Recommended Decision."  *Mot. to Dismiss the Am. Compl.* at 3.  Ms. Lightfootlane has not responded to these assertions.

"A district court may refuse an amendment to a complaint when the proposed amended complaint would still be subject to dismissal."  *MacFarlane v. McKean*, No. 92-2390, 1993 U.S. App. LEXIS 23463, at *15-16 (1st Cir. Sept. 14, 1993) (regarding the addition of parties under

Rule 21, which requires leave of the court). *MacFarlane* distinguishes Rule 15(a), but only to the extent that Rule 15(a) "permits timely amendment of a complaint without leave of court." *Id.* at \*15. In this case, Rule 15(a) leave is to be freely given, but not if dismissal is warranted. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason -- such as . . . futility of amendment . . . -- the leave sought should, as the rules require, be 'freely given.'"); *Aponte-Torres v. Univ. of Puerto Rico*, 445 F.3d 50, 58 (1st Cir. 2006) ("When a proffered amendment comes too late, would be an exercise in futility, or otherwise would serve no useful purpose, the district court need not allow it."). Because the Amended Complaint would not change the Court's decision regarding DHHS' Motion to Dismiss, the Court denies the motion to amend the complaint as to DHHS.

### 2. The Amended Complaint as to the Maine Municipal Association

MMA has not filed a motion to dismiss and this Court has not ruled on the viability of Ms. Lightfootlane's claims against it. Because of the "freely given" mandate of Rule 15(a), and because of the somewhat relaxed pleading standards for *pro se* litigants, the Court will permit Ms. Lightfootlane's amended complaint to stand. The Court does so with reluctance. Ms. Lightfootlane's claims are riddled with foundational difficulties, and the Amended Complaint as to MMA does not appear to resolve these problems. Despite its authority to "deny [a motion to amend] if it believes that, as a matter of law, the amendment would be futile," the Court will allow the amendment and the claims against MMA to go forward. *Demars v. General Dynamics Corp.*, 779 F.2d 95, 99 (1st Cir. 1985); *Aponte-Torres*, 445 F.3d at 58. The sufficiency of the amended complaint is better addressed in the context of a Rule 12(b) motion to dismiss than pre-empted by denying a Rule 15(a) motion to amend.

### III. CONCLUSION

The Court ORDERS that the recommended decision of the magistrate judge is AFFIRMED and the Motion to Dismiss (Docket # 10) and the Petition for Writ of Error (Docket # 12) are hereby DENIED.  Further, the Court DENIES any amendment of the complaint as to the Maine Department of Health and Human Services, but GRANTS amendment of the complaint as to the Maine Municipal Association.  (Docket # 22).  It ORDERS judgment entered in favor of Defendant Maine Department of Health and Human Services.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of November, 2007