UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JAN LIGHTFOOTLANE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 07-56-B-W |
| | ) | |
| MAINE DEPARTMENT OF | ) | |
| HUMAN SERVICES, et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

*Recommended Decision on Motion to Dismiss (Docket No. 34)*
*and Order Denying Motion for Oral Argument (Docket No. 40)*

Jan Lightfootlane, proceeding as a pro se plaintiff, operates a statewide homeless

crisis hotline.  This is her second civil action in this court seeking declaratory relief

apropos the administration of the State of Maine's General Assistance (GA) program.[1]

In a November 2007 decision this Court, ruling on Lighfootlane's objection to my

recommended decision, determined that Lightfootlane did not have standing to sue the

Maine Department of Human Services.  Lightfootlane v. Me. Dept. Human Servs., 522

F.Supp.2d 296, 298 (D. Me. 2007).  In that order the Court allowed a pending motion to

---

[1]      In her 2006 complaint against the Maine Department of Health and Human Services (now
identified as the Maine Department of Human Services) Lightfootlane contended that the Department's
employees, allegedly, provided her clients with false information and misapplied the law in administering
the State of Maine's general assistance program.  With respect to that suit, I recommended that the court
grant the defendant's motion to dismiss because I concluded that Lightfootlane lacked standing to bring her
claims.  In that action the suit progressed as if the Department was sole defendant. My summary of
Lightfootlane's prior action, the outline of Maine's general assistance statute, and my reasoning apropos her
want of standing can be found at Lightfootlane v. Me. Dept. of Health and Human Servs., Civ. No. 06-53-
B-W, 2006 WL 2925243 (D. Me. Oct. 11, 2006) aff'd 2006 WL 3501331 (D. Me. Dec. 1, 2006).  My
discussion of the standing issues in my prior recommended decision in this case is at Lightfootlane v. Me.
Dept. of Human Servs., Civ. No. 07-56-B-W,  2007 WL 2908806, 5 (D. Me.  Sept. 25, 2007).

amend the complaint to name the Maine Municipal Association (MMA) as a defendant,

reasoning:

> Because of the "freely given" mandate of Rule 15(a), and because of the somewhat relaxed pleading standards for pro se litigants, the Court will permit Ms. Lightfootlane's amended complaint to stand. The Court does so with reluctance. Ms. Lightfootlane's claims are riddled with foundational difficulties, and the Amended Complaint as to MMA does not appear to resolve these problems. Despite its authority to "deny [a motion to amend] if it believes that, as a matter of law, the amendment would be futile," the Court will allow the amendment and the claims against MMA to go forward. Demars v. General Dynamics Corp., 779 F.2d 95, 99 (1st Cir.1985); Aponte-Torres [v. Univ. of Puerto Rico], 445 F.3d [50,] 58 [(1st Cir. 2006)]. The sufficiency of the amended complaint is better addressed in the context of a Rule 12(b) motion to dismiss than preempted by denying a Rule 15(a) motion to amend.

Id. at 299-300.

The Maine Municipal Association has now filed a motion to dismiss and I

recommend that the Court grant that motion.  I deny Lightfootlane's motion for oral

argument.

### *Discussion*

### *Standard Governing Motions to Dismiss*

The MMA advances its motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6).  I must accept all factual allegations in Lightfootlane's complaint as

true and take them in the light most favorable to her. Erickson v. Pardus, __U.S. __, __,

127 S.Ct. 2197, 2200 (June 4, 2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002).

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, Lightfootlane's

complaint must contain a short and plain statement showing an entitlement to relief, and

the statement must "give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests." Swierkiewicz v. Sorema N.A ., 534 U.S. 506, 512 (2002)

(citing Fed. R. Civ. P. 8). <u>See also</u> <u>Bell Atl. Corp. v. Twombly</u>, __U.S. __, __, 127 S.Ct. 1955, 1964 (May 21, 2007) (citations omitted); <u>Erickson</u>, 127 S. Ct at 2200; <u>Dura Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 346 (2005).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." <u>Bell Atl. Corp.</u>, 127 S.Ct. at 1965.  Lightfootlane must plead enough facts to state a "plausible" basis for the claim. <u>Id.</u>  Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, <u>there is a dispositive legal issue which precludes relief</u>.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27 (1989) (emphasis added).

***This Court's Previous Conclusion Regarding Standing***

In its decision apropos Lightfootlane's claims against the Department of Human Services, this Court explained with respect to her standing:

> In her objection to the Magistrate Judge's Recommended Decision, Ms. Lightfootlane argues that the reliance on the United States Supreme Court's decision in <u>Allen v. Wright</u> is misplaced. 468 U.S. 737(1984); *Pl.'s Resp.* at 11. Her objection is mistaken. Under <u>Allen</u>, this Court may not decide cases for which it does not have jurisdiction under the Article III "case or controversy" clause of the United States Constitution. 468 U.S. at 751-52. Ms. Lightfootlane attempts to anchor her complaint to personal constitutional protections, but her real quarrels are whether the government is acting in accordance with the law, and whether the government's actions are making her work more difficult. *Pl. Resp.* at 7-8 ("It's when the state overseeing of improper denials Causes me to create yet another chart.... [T]herefore I seek to advance my own interest of Not having to work harder."). These are not "cases or controversies" under federal law. <u>Allen</u>, 468 U.S. at 754 (The United States Supreme Court has "repeatedly held that an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court."). Ms. Lightfootlane's claims of wasted time and extra effort are not enough to push her claims over the standing hurdle.
>
> Ms. Lightfootlane also claims that Magistrate Judge Kravchuk misconstrued <u>United Transp. Union v. Michigan Bar</u> in finding that she did not state a cognizable freedom of association claim. 401 U.S. 576 (1971). Ms. Lightfootlane argues under <u>United Transp.</u> that she has a right

to "effectively" help others. *Pl.'s Resp.* at 4. However, as stated by
Magistrate Judge Kravchuk, "there is no state restraint on Lightfootlane's
right to counsel her clients." *Rec. Dec.* at 9. <u>United Transp</u>. stands for the
proposition that the First Amendment protects groups from limitations on
their ability to obtain meaningful access to the courts and counsel. 401
U.S. at 586-87. Ms. Lightfootlane does not complain that the State is
somehow obstructing an individual or group of individuals from reaching
her for advice; instead she is complaining that she cannot give good advice
because of the actions of the state agency. Therefore, <u>United Transp.</u> does
not provide viable authority for her grievance.

<u>Lightfootlane</u>, 522 F.Supp.2d at 298 (footnote omitted).  In a footnote the Court further

opined:" Nearly every American citizen could plausibly assert that at some point the

government-municipal, county, state, or federal-caused them to waste precious time and

expend useless energy. If wasting time and causing effort were the tests for standing to

assert a constitutional claim, the case or controversy limitation would be rendered

meaningless." <u>Id.</u> at 298 n.2.

***Lightfootlane's Amended Complaint, Her Response to the Motion to Dismiss, and My Recommended Disposition***

In her amended complain Lightfootlane alleges that "the MMA provides

guidelines and teaches course on the proper execution of GA Laws.  If the MMA were

doing a better job, the officials the M[M]A teaches, and protects should also do a better

job of not turning away qualified people." (Am. Compl. at 3.) As she maintained in her

prior suit and in her first complaint in this action, Lightfootlane opines:  "Each time a

duly appointed representative of the government provides false information, my calling

of helping prevent or overcome homelessness is injured." (<u>Id.</u> at 3-4.)  She cites

violations of her rights under the First, Fifth, and Fourteenth Amendments to the United

States Constitution and raises a claim, based on the same facts, under the Maine Human

Rights Act.  (<u>Id.</u> at 4, 14.)  Allegations of MMA's failure to train regarding the General

Assistance program and to provide better teaching materials are reiterated throughout the amended complaint.  (Id. at 6,7, 11, 14, 15.)  She also insists that the MMA protects the unlawful acts of towns.  (Id. at 16.)

In her memorandum in response to the MMA's motion to dismiss Lightfootlane again focuses on "the MMA training badly."  (Mem. Opp'n Mot. Dismiss at 1.)  "MMA trains some of the towns it must be 'Bad training' also on part of MMA's partly causing the unconstitutional actions by town officials.  Inadequate training can be fixed."  (Id. at 2; see also id. at 3, 5, 7, 13, 15)

In terms of the impact on her, Lightfootlane insists, that as a social activist, she has "a right to exchange ideas, with the goal being to aid others."  (Id. at 6, see also id. at 11.)  "MMA giving misinformation to town," she argues " amounts to constructive prior restraint on my ability to correctly inform my clients of his or hers rights according to the GA."  (Id. at 11.)   She again relies heavily on United Transportation Union.  (Id. at 6-7, 15-16.)  Lightfootlane believes that this "Court has unfettered discretion, in determining what a civil rights issue of the 1st amendment is."  (Am. Compl. at 12.)

I cannot locate anything in Lightfootlane's amended complaint or her response to the motion to dismiss that would alter this Court's conclusion that she does not have standing to bring this action, be it against the Maine Department of Human Services or the Maine Municipal Association.  Her efforts in this current round of pleadings addresses the MMA's alleged role in the same pattern of ongoing alleged wrongs surrounding the administration of the General Assistance program that Lightfootlane has complained of in her first action and, again, with regards to the Department of Human Services earlier in this lawsuit.  Contrary to Lightfootlane's assertion, this Court does not

have unfettered discretion in apply the principles of laws that govern the cases before it, and the doctrine of standing is one of these principles of jurisdictional law that this court is obligated to respect.   Accordingly, I recommend that the Court grant MMA's motion to dismiss because Lightfootlane does not have standing to bring these claims.

With regards to Lightfootlane's motion for an oral argument, I deny that motion as I conclude that there is nothing she could add in such a hearing that would alter the legal landscape of this action based on the claims she presses in her amended complaint against MMA.[2]

### Conclusion

For the reasons set forth above, I recommend that the Court grant the motion to dismiss (Docket No. 34 ) and I deny the motion for oral argument (Docket No. 40).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 15, 2008.

---

[2]     This is without prejudice to her right to renew such a request in challenging the recommended decision.